UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL ATCHISON,

        Plaintiff,        CASE NUMBER: 09-12805
                             HONORABLE VICTORIA A. ROBERTS

v.

NATIONAL CITY BANK,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION**

This case is before the Court on Defendant's Motion to Dismiss (Dkt. 4). The Court **GRANTS** the motion and **DISMISSES** Plaintiff's Complaint.

**II.   BACKGROUND**

On June 30, 2005, Plaintiff Fidel Atchison executed a promissory note and real estate mortgage to First Franklin, a division of National City Bank of Indiana, in connection with the purchase of certain real property located at 760 Meadowbrook Street, Detroit, Michigan ("the Property"). (Mot. Dismiss Ex. A.) On December 1, 2005, First Franklin assigned the mortgage to Defendant National City Bank. (*Id.* at Ex. B.)

When Plaintiff failed to make the required payments, Defendant accelerated the debt and initiated foreclosure proceedings. Defendant purchased the Property at a foreclosure sale on September 19, 2007, and received a Sheriff's deed. Pursuant to Mich. Comp. Laws § 600.3240, Plaintiff had six months to redeem the Property; when he failed to do so, title to the Property vested in Defendant.

On April 30, 2008, Defendant began summary eviction proceedings in 36th District Court; on May 12, the court entered judgment in Defendant's favor and ordered Plaintiff to vacate the Property. (*Id.* at Exs. D, E.) Plaintiff sought to appeal the judgment in Wayne County Circuit Court; the court denied leave on June 13, because Plaintiff failed to perfect his appeal as required by Michigan Court Rule 7.101(C)(2) and (3). (*Id.* at Ex. F.)

Plaintiff then filed four consecutive Chapter 13 bankruptcy petitions in the U.S. Bankruptcy Court for the Eastern District of Michigan. Together, these proceedings lasted roughly a year. Plaintiff filed his first petition on July 23, 2008; the court dismissed the case on August 15, for failure to file the necessary documents. (*Id.* at Ex. G.) Plaintiff's other bankruptcy petitions were filed on August 25, November 18 and December 15 2008, and were dismissed on October 8, December 11, 2008, and February 10, 2009, respectively, for failure to file the necessary documents or deficient filing. (*Id.* at Exs. H, I, J, K, L.)

Plaintiff appealed anew the 36th District Court's May 12, 2008 judgement of possession. The Wayne County Circuit Court denied leave on May 15, 2009, for Plaintiff's failure to perfect his appeal. (*Id.* at Ex. M.) Plaintiff appealed this order to the Michigan Court of Appeals; the court dismissed the appeal on June 15, 2009, for lack of subject matter jurisdiction. The court of appeals explained that the circuit court's order was not appealable as of right, and that Plaintiff could only challenge the order by filing a delayed application for leave to appeal. (*Id.* at Ex. N.)

Plaintiff filed this Complaint the next day. Although difficult to read, he appears to claim that: (I) the original promissory note does not exist; (II) his mortgage was part of a

security fraud scheme violating federal and state securities laws; (III) Defendant committed HUD-1 fraud; and (IV) Defendant breached a contract and violated its fiduciary duties. Plaintiff attached a motion for emergency ex-parte temporary restraining order stating: "On June 15, 2009, Plaintiff's case was dismissed for lack of subject matter jurisdiction in the court of appeals, which is why I filed this civil action in this Honorable Court." (TRO Mot. ¶ 3.)

Defendant moved to dismiss Plaintiff's Complaint on July 31, 2009, for lack of jurisdiction. Plaintiff's Response, filed on August 17, does not address Defendant's jurisdictional arguments, but argues the state court judgment was erroneous and seeks to compel the production of certain documents. Defendant's Reply, filed August 24, reiterates its arguments for dismissing the case on jurisdictional grounds.

### III.   ANALYSIS

In reviewing *pro se* complaints, the Court must pay special heed to its obligation to "construe all pleadings so as to do justice." Fed. R. Civ. P. 8(e). "A document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *See also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Nevertheless, a *pro se* complaint must still meet basic pleading essentials, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and may be dismissed for failure to state a claim if it does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in

original).

Defendant argues the Court should dismiss Plaintiff's suit for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. In the alternative, Defendant contends Plaintiff's claims are barred by the doctrine of *res judicata*. The Court considers each argument separately.

### A.     Jurisdiction under *Rooker-Feldman*

When a defendant challenges the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden to prove jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990) (*citing Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

The *Rooker-Feldman* doctrine draws its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). In *Rooker*, the Supreme Court held that federal district courts cannot review the final determinations of state courts in judicial proceedings. Noting that the district courts' jurisdiction is "strictly original," the Court declared itself the only judicial body which could "entertain a proceeding to reverse or modify the [state court] judgment." *Id.* at 416.

In *Feldman*, the Court reaffirmed that district courts "do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." 460 U.S. at 486. The Court added that the jurisdictional bar extends to claims not raised in state court, but which are "inextricably intertwined" with state court determinations in judicial proceedings. *Id.* at 482 n.16.

Following *Feldman*, several courts adopted an expansive interpretation of "inextricably intertwined." *See Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) ("[A] federal claim is inextricably intertwined with a state court judgment . . . when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.") (internal quotation omitted).

The Supreme Court reacted by clarifying the doctrine and explicitly limiting its scope in *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). As it now stands, *Rooker-Feldman* is –

> confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.
> . . .
> If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

*Id.* at 284, 293 (*quoting GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)) (other citation omitted) (alteration in original).

The Sixth Circuit considered the narrower, post-*Exxon Mobil* version of the *Rooker-Feldman* doctrine in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). *McCormick* involved a dispute over land, in which the state courts ruled in favor of the defendants. *Id.* at 385-87. The plaintiff filed suit in federal district court, claiming, *inter alia*, that the defendants seized the property under color of state law through fraud and false testimony, and that the state court's order placing the property in receivership violated several constitutional amendments. *Id.* at 388. The district court dismissed the

5

case for lack of subject matter jurisdiction on *Rooker-Feldman* grounds. *Id.*

On appeal, the Sixth Circuit searched for a way to resolve the question of "how to differentiate between a claim that attacks a state court judgment, which is within the scope of the *Rooker-Feldman* doctrine, and an independent claim, over which a district court may assert jurisdiction." *Id.* at 393. The court adopted a Fourth Circuit rule focusing on the source of the injury alleged by the federal plaintiff: "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* (*citing Davani v. Va. DOT*, 434 F.3d 712, 717 (4th Cir. 2006); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)).

The court held the plaintiff's claim against the state-court order of receivership was properly dismissed, because the order itself was the source of the plaintiff's alleged injury. *Id.* at 395. On the other hand, the court held that *Rooker-Feldman* did not deprive the district court of jurisdiction over the plaintiff's fraud and false testimony claims, because the injuries complained of were not "caused by state-court judgments," but rather by the defendant's alleged illegal actions. *Id.* at 392. The court acknowledged that –

> these independent claims may deny a legal conclusion of the state court, i.e., [who may claim the disputed property]; however, this fact does not lead to a divestment of subject matter jurisdiction in the federal courts. *Instead, the Supreme Court has instructed that preclusion law is the appropriate solution for these independent claims.*

*Id.* (emphasis added). The court did not apply preclusion law to the plaintiff's remaining claims, holding instead that she was collaterally estopped from raising them.

In arguing that Plaintiff's claims fall under *Rooker-Feldman*'s jurisdictional bar, Defendants emphasize this statement from Plaintiff's TRO motion: "On June 15, 2009, Plaintiff's case was dismissed for lack of subject matter jurisdiction in the court of appeals, which is why I filed this civil action in this Honorable Court." (TRO Mot. ¶ 3.) However, this phrase is not an accurate reflection of Plaintiff's claims.

Plaintiff's Complaint is admittedly muddled, but a close reading shows he does not seek redress from state-court-inflicted injuries. Plaintiff alleges Defendant operates a security fraud scheme akin to a Ponzi scheme, and he claims Defendant committed HUD-1 fraud, breached a contract and violated its fiduciary duties. Plaintiff does not claim his alleged injuries were caused by the state court judgment, but by Defendant's third-party actions. Thus, Plaintiff's claims are independent of the state court judgment, and the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction.

However, even if *Rooker-Feldman* does not apply, preclusion law may yet bar the Court from hearing Plaintiff's claims. *See McCormick*, 451 F.3d at 392.

### B.   *Res Judicata*

*Res judicata*, or claim preclusion, as it is also known, serves to "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, encourage reliance on adjudication, and promote comity between the state and federal courts." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002) (*citing Allen v. McCurry*, 449 U.S. 90, 94, 96 (1980)). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state." *Id.* The Court applies Michigan's law of preclusion, since the litigation took place in this

7

state. *See id.*

Under applicable Michigan law,

> . . . . *Res judicata* requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies. *Baraga Co. v. State Tax Comm.*, 466 Mich. 264, 269, 645 N.W.2d 13 (2002); *Kosiel v. Arrow Liquors Corp.*, 446 Mich. 374, 379, 521 N.W.2d 531 (1994). Michigan law defines *res judicata* broadly to bar litigation in the second action not only of those claims actually litigated in the first action, but also claims arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82 (1999). In *Pierson Sand & Gravel, Inc.*, *supra* 460 Mich. 372 at 380, 596 N.W.2d 153, quoting *Hackley v. Hackley*, 426 Mich. 582, 585, 395 N.W.2d 906 (1986), our Supreme Court stated that *res judicata* applies "'to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'" In addition, *res judicata* "bars relitigation of claims that are based on the same transaction or events as a prior suit." *Ditmore v. Michalik*, 244 Mich. App. 569, 577, 625 N.W.2d 462 (2001); *see also Jones v. State Farm Mut. Automobile Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993). If the same facts or evidence would sustain both, the two actions are the same for the purpose of *res judicata*. *Huggett v. Dep't. of Natural Resources.*, 232 Mich. App. 188, 197-198, 590 N.W.2d 747 (1998); *In re Koernke Estate*, 169 Mich. App. 397, 399, 425 N.W.2d 795 (1988).

*Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 10-11 (2003); *Smith v. Provident Consumer Fin. Servs.*, No. 06-CV-10767, 2006 U.S. Dist. LEXIS 48265, at *17-19 (E.D. Mich. July 17, 2006) (unpublished).

### 1. Whether Prior Action was Decided on the Merits

> In general, a judgment will be considered on the merits if it is rendered upon consideration of the legal claim, as distinguished from consideration of an objection to subject-matter jurisdiction, personal jurisdiction, service of process, venue, or any other ground that does not go to the legal or factual sufficiency of the claim to relief.
>
> For the purposes of res judicata, the definition of a judgment on the merits is one which "'is based on legal rights as distinguished from mere matters

> of practice, procedure, jurisdiction, or form.' . . . Traditionally, a judgment is on the merits if it completely disposes of the underlying cause of action, . . . or determines that the plaintiff has no cause of action."

18 Lawrence B. Solum, Moore's Federal Practice - Civil § 131.30[3][a] (3d ed. 2009) (*quoting Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981)).

The 36th District Court's judgment of possession entered May 12, 2008 is a decision on the merits. The court held a hearing, and there is no indication that its decision was based on procedural grounds or a technical defect. *See Pearson v. Int'l Union, United Auto., Aero. & Agric. Implement Workers of Am.*, 99 Fed. Appx. 46, 54 (6th Cir. 2004) ("When a district court's ruling rests on alternative grounds, at least one of which is based on the inability of the court to reach the merits, the judgment should not act as a bar in a future action.") (*quoting Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n.5 (6th Cir. 1997) (citation omitted)); *EB-Bran Prods. v. Warner Elektra Atl., Inc.*, No. 03-75149, 2005 U.S. Dist. LEXIS 28621, at *17 (E.D. Mich. Nov. 18, 2005) (unpublished) (state court decision was on the merits because "[i]t was not based on a mere procedural or technical defect or a stipulation between the parties to a dismissal without prejudice.").

### 2. Whether Decree in the Prior Action was a Final Decision

On preclusion law, Michigan appears to follow the Restatement (Second) of Judgments. It states that, for purposes of claim preclusion,

> [A] judgment will ordinarily be considered final in respect to a claim ... if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication."

18 Moore's Federal Practice - Civil § 131.30[2][a].

Plaintiff appealed the order of the 36th District Court to the Wayne County Circuit Court and, when the court denied his appeal, to the Michigan Court of Appeals. The Wayne County Circuit Court denied Plaintiff's appeal for failure to comply with court rules. It is unclear whether the appeals deadline has lapsed, or if Plaintiff can still appeal the judgment of possession. However, that is not an issue, because –

> A final judgment in federal court can be the basis for claim preclusion despite the fact that an appeal is pending, or that the judgment may be subject to appeal in the future. . . . Failure of a party to take an appeal within the time permitted, in cases in which a right to appeal or to seek review in the discretion of the appellate court exists, does not in any way disturb the conclusive effect of the judgment.

*Id.* at § 131.30[2][c][ii].

### 3. Matter Contested in Federal Case Was or Could Have Been Resolved in the First

Plaintiff's claims regarding the existence of the original promissory note, the security fraud scheme of which his mortgage was allegedly a part, HUD-1 fraud and breach of contract and fiduciary duty were all litigated in state court, or should have been raised by a party exercising reasonable diligence.

### 4. State and Federal Actions Involved Same Parties or Their Privies

There is no question that the state and federal court actions involve the same parties, so the fourth prong is met.

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss on res judicata grounds.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 3, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Fidel Atchison by electronic means or U.S. Mail on September 3, 2009.

s/Linda Vertriest
Deputy Clerk

11